IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY MUÑIZ-CORDERO, et al.,
**Plaintiffs**

v.                                                                                        CIVIL NO. 04-2116(DRD)

WILLIAM BARRETO-TIRADO, et al.,
**Defendants**

## ORDER

On August 5, 2005, the undersigned issued plaintiffs an Order to Show Cause as to why the instant case should not be dismissed as a result of plaintiff's failure to evidence that the defendants were served within the one hundred and twenty (120) days term provided by Rule 4(m), Fed.R.Civ.P., 28 U.S.C. (Docket No.4.) Plaintiffs were specifically forewarned, as required by the Rule, that failure to evidence compliance with Rule 4(m) could result in the dismissal without prejudice of the instant claim. Finally, plaintiffs were provided a final term to comply with the Court's order and were further forewarned that any requests for extensions of time would be summarily denied. As of today, plaintiffs have failed to comply with the Court's clearly communicated management order. For the reasons stated herein, the Court hereby **DISMISSES** plaintiffs' claims against the defendants **WITHOUT PREJUDICE**.

## FACTUAL LANDSCAPE

On October 15, 2004, plaintiffs filed the instant complaint seeking remedies for economical and emotional distress related injuries as a result of the loss of a family member; medical treatment; physical, mental and emotional distress; and costs and attorneys fees.[1] Plaintiffs causes of action result from a car accident which occurred on August 17, 2004, in which plaintiffs wife and/or mother lost her life and allegedly was caused by the individual defendant. Summons were issued on October 18, 2004. The case went through an inactivity period until May 3, 2005, when plaintiff filed a motion requesting that the discovery process in the instant case be stayed as a result of defendant's pending criminal proceedings before the local state court relating to the facts that gave rise to the instant cause of action. Notwithstanding, the plaintiffs averred that the instant defendant had been duly served process. Notwithstanding, the record is devoid of any evidence showing that process had been in fact served. Consequently, the undersigned issued the Order to Show Cause as explained herein.

## LEGAL ANALYSIS

"[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S.

---

[1] The plaintiffs are Gregory Muñiz Cordero, and his minor sons, Gregory Muñiz Gonzalez and Claribel Muñiz Gonzalez, 16 and 14 years of age respectively. The wife and/or mother deceased as a result of the car accident was Ms. Gladys Virginia Gonzalez Mendez.

32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." Id., at 44.² This rule has its basis on the principle that "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." *See* Link v. Wabash R. Co., 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992).

In the case at bar, plaintiffs have failed to comply with the Court's order and additionally have failed to evidence compliance with Rule 4(m), Fed.R.Civ.P. The Court finds this is inexcusable. Plaintiffs must be reminded that "[p]rejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that **plaintiffs' failure to respond to the order issued signals lack of interest and, buttresses the Court's conclusion that dismissal of this case albeit without prejudice is appropriate**.

The Court finds plaintiffs have, as a matter of fact, tried to box twelve rounds in the rough ring of civil litigation, without ever responding to the referee's admonishments, assuming perhaps that the Court will forgive them and consequentially "throw in the towel" for them every time. The Court, however, has no "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). **Plaintiffs have knocked themselves out** by failing to comply with the Court's order. The Court finds that not only have they failed to be **reasonably** diligent, they have **not been diligent at all**. Therefore, dismissal is firmly founded in this case in view of Plaintiffs' disregard of the Local Rules and its inexcusable behavior failing to show interest in prosecuting her claims.

Furthermore, the record shows that plaintiff's activity in the instant matter has been sparingly, in other words, plaintiff has dragged its feet prosecuting the instant claim. Besides filing the complaint on October 2004, (Docket No. 1) and filing the motion requesting to stay the instant discovery on May 2005 (Docket No. 3), there is no further activity initiated by plaintiff**. Therefore, it has been over ten (10) months since plaintiffs filed their case, filed the motion requesting the stay of the proceedings until the Court issued the Order to Show Cause which plaintiffs failed to comply with. Therefore, besides the two motions filed by instant plaintiffs there is no other activity revealing any interest of plaintiff vindicating its claims.**

It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. Plaintiffs have shown a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims. *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16. In sum, Plaintiff has shown a lack of interest vindicating whatever rights they may have. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 713 (1st Cir. 1977).

Plaintiffs' complaint should be dismissed for its obvious failure to comply with the Court's order and for its failure to comply with Rule 4(m), Fed.R.Civ.P. Rule 4(m) of the FEDERAL RULES OF CIVIL PROCEDURE provides, *inter alia,* that the Court "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice ..." "The effective administration of justice requires that trial court possess the capability to manage their own affairs." Chamorro v.

---

² "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983).

Puerto Rican Cars, 304 F.3d 1, 6 (1st Cir., 2002) *citing* Chambers v. NASCO, Inc., 501 U.S. at 43. "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." Chamorro v. Puerto Rican Cars, 304 F.3d at 4.

  The Court has showed considerable patience in this case and has provided warnings and a second chance which plaintiff has disdained.  Simply expressed, there is no reasonable excuse for plaintiff's failure to comply with the Court's order and evidence compliance with the rules of practice.  Finally, notwithstanding the leniency showed by the Court, plaintiff has failed to react.  There is no other sanction available for plaintiff's own inactivity and its lack of interest in vindicating her rights.  In the instant case there is no other lesser sanctions available and appropriate." Estate of Solis-Rivera v. United States, 993 F.2d at 2.

  The Court forewarns plaintiff that they should continue to effectively interrupt the applicable statute of limitations by strict compliance with the standards set forth in Díaz-de Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec 471, 476 (1980), and the citation of the interruption of prescription requirements of Diez Picaso, *La prescripción en el Código Civil [Prescription in the Civil Code]*, contained in said case or else when they return to prosecute the instant case they may find themselves without a remedy.

  Therefore, for the reasons stated herein, the Court hereby **DISMISSES** all claims against all Defendants **WITHOUT PREJUDICE** for Plaintiff's failure to comply with the Court's clearly communicated order and for its failure to evidence compliance prosecute its claims diligently and as clearly authorized under Rule 4(m).  **Judgment shall be issued accordingly.  THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

  **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of August 2005.

              **S/DANIEL R. DOMINGUEZ**
              **DANIEL R. DOMINGUEZ**
              **U.S. DISTRICT JUDGE**