IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GREGORY MUÑIZ-CORDERO, et al.,**
**Plaintiffs**

v.                                                                  **CIVIL NO. 04-2116(DRD)**

**WILLIAM BARRETO-TIRADO, et al.,**
**Defendants**

**ORDER**

Pending before the Court is plaintiffs' *Motion Under Rule 59 of Civil Procedure to Vacate Judgment* (Docket No. 7) and plaintiffs' *Renewed Motion Requesting Vacation [sic.] of Judgment* (Docket No. 12) moving the Court to reconsider its Order issued on August 12, 2005 (Docket No. 5) dismissing plaintiff's claims against the defendants **without prejudice** for their failure to comply with the Court's Order and for its failure to evidence compliance prosecuting its claims diligently and as mandated under Rule 4(m), Fed.R.Civ.P.(showing that process service was effectuated within the term of 120 days provided by the Rule). Plaintiffs affirm that its unintended failure for complying with the Order to Show Cause issued by the Court on August 5, 2005, and the deadline provided therein for compliance purposes, resulted partially from problems in counsel's electronic mailbox. Specifically, counsel sustains that its principal electronic mailbox did not receive the Court's August 5, 2005 Order because apparently the system did not have any space available for incoming mail. Furthermore, counsel for plaintiffs aver that although he has a secondary electronic mail address it was not until receipt of the dismissal order that counsel then proceeded to verify said secondary electronic mail address finding the previously issued Order to Show Cause and then realizing his lack of compliance. Finally, counsel sustains that it was the process server's fault, the noncompliance of the Court's order, to file in the Clerk's Office copy of the documents evidencing that process was served within the 120 days provided by Rule 4(m). The Court notes that counsel has now included (after dismissal) copy of the summons evidencing service of process before the term of 120 days provided by Rule 4(m).

At first glance, the Court recognizes that several potent reasons militate against the granting of relief. Firstly, the record evidences that plaintiff filed the instant case and it was not until seven (7) months later, that the Docket Sheet reveals further activity by plaintiff. At that time, plaintiff requested that the instant proceedings be stayed pending the outcome of a criminal proceeding before the local state court because discovery sought in the instant case potentially could affect adversely the outcome of the case before the local courts. (See Docket No. 3). Then, three (3) additional months elapsed until the Court ordered plaintiff to show cause as to why the instant case should not be dismissed for its failure to evidence that process had been served within the 120 days provided by Rule 4(m). (See Docket No. 4). The Court granted plaintiff five (5) calendar days to show cause in writing. Plaintiff did not comply with the Court's order and after two (2) additional calendar days had elapsed without any notice from plaintiff, the Court dismissed **without prejudice** the instant case for plaintiff's failure to comply with the Court's Order and for its failure to evidence compliance with Rule 4(m). It was not until six (6) calendar days had elapsed from the issuance of

the Court's order dismissing without prejudice the instant case that plaintiff appeared moving the court to set aside the dismissal for the reasons stated hereinbefore.

Secondly, counsel's attempt to cure its failure to comply with the Court's Order to Show Cause, by not including copy of the summons served on the defendant and assigning responsibility to his agent, alleging that the process server failed to timely file in the Clerk's Office the corresponding copy of the served summons, cannot be accepted by the Court as a valid excuse for its noncompliance. Obviously, the private process server used by counsel is not admitted to this Bar and should not carry the responsibility for counsel's duty to the Court. After all, the Model Rules of Professional Conduct of the American Bar Association, Rule 3.2, *Expediting Litigation* provides that "[A] lawyer shall make all reasonable efforts to expedite litigation consistent with the interest of the client". This mandate has been extended to adherence to Court's Orders. Moreover, it is well settled that "[T]he ability to manage multiple cases simultaneously, to comply with numerous filing dates, and to manage a secretarial and administrative staff in accordance with good personnel practices, is key to exercising the profession of attorney". United States for the Use and Benefit of Electrical Machinery v. FRAYA, S.E., 170 F.R.D. 346, 349 (D. Puerto Rico 1997). Finally, counsel has admitted his error for not timely diligently verifying his electronic notices.

The Court is also reluctant to grant plaintiff's request to vacate the judgment previously entered under the factual scenario portrayed by plaintiff because, "excusable neglect" as a basis for relieving party from final judgment under Rule 60(b) calls for circumstances that are unique or extraordinary. FRAYA, S.E., 170 F.R.D. at 348. Secondly, **an attorney admitted to practice certainly has control and is responsible for the performance of its employees and others persons contracted on its behalf**. FRAYA, S.E., 170 F.R.D. at 349. The Court deems that the arguments proffered by counsel relating to its failure to verify its electronic mail accounts and the process server's failure to file within the period granted by the Court at the Clerk's Office copy of the served summons are not be considered as "excusable neglect" justifying that the instant judgment issued without prejudice be set aside because they clearly fall short of being unique or extraordinary.

Furthermore, it is well known that the Court is not required "to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990), and that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16. Moreover, it is known that "the law ministers to the vigilant, not to those who sleep upon perceptible rights". Puleio v. Vose, 830 F.2d 1197, 1203(1st Cir. 1987). Likewise, "[A] litigant ... cannot routinely be rewarded for somnolence and lassitude." Id. Furthermore, "[I]t is clear that litigants in federal court cannot 'have their cake and eat it too'." Corretjer-Farinacci v. Picayo, 149 F.R.D. 435, 439 (D. Puerto Rico 1993). Flagrant disregard of the procedural requirements established by the federal rules, by the local rules of this district, or by a judge's scheduling order carries with it certain consequences. Id. Consequently, dismissal albeit without prejudice is warranted should a litigant disregard a Court's Order precisely because the Court provided previously "suitabl[e] forewarn[ing]". Chamorro v. Puerto Rican Cars, INC., 304, F.3d 1, 4-5(1st Cir., 2002).

However, although federal courts have the plenary authority to manage their own affairs in an attempt to achieve the orderly and expeditious disposition of its cases, which includes the power to prevent undue delays, this power must be balanced with the policy of law favoring the disposition

of the cases in the merits.  *See* <u>HMG Properties Investors, Inc. v. Parque Industrial Rio Canas, Inc.</u>, 847 F.2d 908, 916-917 (1ˢᵗ Cir. 1988).  It is early in the case and the dismissal pursuant to Rule 4(m) Fed.R.Civ.P. is by law required to be **without prejudice** of refiling.  Further the case would be most probably be referred to the subscribing judge as a past case handled by the undersigned.  Consequently, the court believes that in the instant case and in the current stage of the proceedings, the plaintiff should not be penalized for its counsel noncompliance.

Therefore, the Court hereby **GRANTS** plaintiffs' *Motion Under Rule 59 of Civil Procedure to Vacate Judgment* (Docket No. 7) and **MOOTS** plaintiffs' *Renewed Motion Requesting Vacation [sic.] of Judgment* (Docket No. 12).  **However, counsel is severely forewarned that any future failure to comply with a Court's order shall warrant the dismissal of plaintiffs' claims against the defendants with prejudice.**[1]  The Clerk of Court is **INSTRUCTED** to reopen the instant case.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 14ᵗʰ day of November 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[1] The parties are **ORDERED** to notify the Court of Appeals of the First Circuit of this Order.