IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORY MUÑIZ-CORDERO, et al.,

Plaintiffs

v.                                                      CIVIL 04-2116 (DRD) (JA)

WILLIAM BARRETO-TIRADO, et al.,

Defendants

O R D E R

This matter is before the court on plaintiff's "Motion Requesting Certification of Appealability." (Docket No. 92, April 23, 2008.) "Plaintiffs request that a certification of appealability be emitted by the Court regarding the" dismissal of the complaint against Francisco Alemañy ("Alemañy") and Glorimar Cortés ("Cortés"). (Id. at 2.)

Gladys Virginia González Méndez was killed in an automobile accident on August 17, 2004. (Docket No. 18.) Plaintiffs are the deceased's husband and two minor children. (Id. at 2.) The deceased's husband, Gregory Muniz-Cordero, is appearing on behalf of himself, his wife's estate, and on behalf of each of his children. (Id.) The accident involved a Mack truck owned by Framar Engineering Corp. ("Framar") and driven by an employee. (Docket No. 37, at 1-2.) Alemañy and Cortés are the owners and sole shareholders of Framar. (Docket No. 33-1, at 3.)

CIVIL 04-2116 (DRD) (JA)                    2

On June 14, 2007, summary judgment was entered dismissing all claims against Alemañy and Cortés. (Docket No. 51.) Defendants claimed in their motion for summary judgment that neither Alemañy nor the conjugal partnership were ever the legal owners of the truck; the actual owner of the truck at the time of the accident was Framar; all of Alemañy's acts were done in his capacity as an officer of Framar, not in his personal capacity, nor of the conjugal partnership; and "[i]n Puerto Rico[,] a corporation is a separate and individual legal entity[,] different[] from its stockholders and of its officers." (Docket No. 43, at 3.)

Since plaintiffs did not provide any evidence to dispute ownership of the truck, the magistrate judge's report and recommendation focused on whether "defendants can avail themselves of the protection of the corporate veil as addressed in plaintiff's opposition to motion for summary judgment." (Docket No. 49-1, at 2.) However,"[p]laintiffs fail[ed] to allege fraud or any other grounds that would justify piercing the corporate veil to hold Alemañy and Cortés personally liable for plaintiffs' injuries." (Id. at 4.) Consequently, summary judgment was entered, dismissing all claims against the defendants Alemañy and Cortés. (Docket No. 51.)

Appellate jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291. As such, the granting of partial summary judgment in favor of Alemañy and Cortés is not final, since "'an order or judgment is usually considered

CIVIL 04-2116 (DRD) (JA)            3

'final' (hence, appealable) only when it resolves the contested matter, leaving nothing to be done except execution of the judgment.'" Petralia v. AT&T Global Info. Solutions Co., 114 F.3d 352, 354 (1st Cir. 1997) (quoting Director, Office of Worker's Comp. Programs, United States Dep't of Labor v. Bath Iron Works Corp., 853 F.2d 11, 13 (1st Cir. 1988)).

Thus, plaintiffs correctly premise their motion on the doctrine of collateral orders. (Docket No. 92, at 2.) The collateral order exception to the final judgment rule was announced in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). See United States v. Sorren, 605 F.2d 1211, 1214 (1st Cir. 1979). "For the collateral-order doctrine to apply, [the court must] [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 25 (1st Cir. 2008) (quoting Will v. Hadlock, 546 U.S. 345, 349 (2006)). "[A] decision that fails any of the . . . traditional elements of the collateral order [doctrine] is not appealable[.]" Libby v. Marshall, 833 F.2d 402, 407 (1st Cir. 1987) (citing United States v. Sorren, 605 F.2d at 1213.)

The third element stated above has been designated in the First Circuit as the most important element of the test, and suggested as the "dispositive criterion of appellate jurisdiction over [interlocutory] orders." In re San Juan Star, 662

CIVIL 04-2116 (DRD) (JA) 4

F.2d 108, 112 (1st Cir. 1981); Rodríguez v. Banco Central, 790 F.2d 172, 178 (1st Cir. 1986); In re Empresas Noroeste, Inc., 806 F.2d 315, 317 (1st Cir. 1986). The question is one which "turns on whether irreparable harm would result to appellants, not from the district court order itself, but from a delay in obtaining appellate review of that order." In re San Juan Star Co., 662 F.2d at 112 (quoting In re Continental Inv. Corp., 637 F.2d 1, 5 (1st Cir. 1980)).

The only allegation of harm that can be gleaned from plaintiffs' motion is potentially "wasting unnecessarily the resources of the Court and the parties" should there be a second trial, and "a delay in case of a second jury trial or prejudice to the defendant by the pssage [sic] of time." (Docket No. 92, at 3.)

The First Circuit has repeatedly held "that potential burdens of litigation or relitigation cannot alone constitute the requisite harm." In re San Juan Star Co., 662 F.2d at 112 (citing In re Continental Inv. Corp., 637 F.2d at 5-6). Since plaintiffs have failed to identify any harm, besides the burden of possible relitigation should review be denied at this time, the collateral order doctrine has not been satisfied. In re Empresas Noroeste, Inc., 806 F.2d at 317.

In view of the above, plaintiffs motion requesting certification of appealability is DENIED.

At San Juan, Puerto Rico, this 13th day of June, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge